**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>GREGORY SCHMIDT,<br><br>        Debtor. | Case No. 20-25614-A-7 |
| SPENCER T. MALYSIAK PROFIT SHARING PLAN et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>GREGORY SCHMIDT,<br><br>        Defendant. | Adv. No. 21-02018-A<br><br>**MEMORANDUM**<br><br>GS-1 |

Argued and submitted on January 24, 2023

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances: Spencer T. Malysiak for the plaintiffs; Peter G. Macaulso for defendant Gregory Schmidt

Code of Civil Procedure § 683.130 allows for renewal of a judgment not later than 10-years after entry. When a sister state judgment is domesticated to California, judgment is entered in California and the judgment is treated like any judgement originally rendered in California. For the purposes of renewal, does the deadline run from the date judgment was entered in California or from the date the judgment was entered in the state of origin?

**I.   FACTS**

In 2007, plaintiff Spencer T. Malysiak ("Malysiak"), acting on behalf of his pension plan, invested monies in a real estate development project in Idaho. The promoters of that project were Gregory Schmidt ("Schmidt") and his partner, Edward Berr ("Berr").

The project failed shortly after its commencement and Malysiak lost his money.

In 2009, Malysiak and other injured investors (collectively "the investors") brought a state court action in Idaho against defendants Schmidt and Berr. When Schmidt failed to answer the complaint, the investors obtained a $550,000 judgment against Schmidt and Berr.

In 2010, the investors domesticated the Idaho judgment to California.

In 2020, prior to the 10-year anniversary of the domesticated judgment, the investors renewed their judgment.

Schmidt filed a Chapter 7 bankruptcy and Malysiak, alone, filed an action to except his portion of the Idaho, and domesticated California, judgment from discharge. 11 U.S.C. § 523(a)(2),(a)(6). After trial, this court rendered its decision, making oral findings of fact and concluding that Schmidt had committed fraud against Malysiak. As a result, it excepted the judgment, insofar as Malysiak is

concerned, from discharge. Among the court's findings was that the domesticated California judgment was, in fact, enforceable at the time the Chapter 7 case and the adversary proceeding were filed.

**II.　PROCEDURE**

Schmidt moves for reconsideration. His sole argument is that the judgment, originally rendered in Idaho and later domesticated to California, was no longer enforceable and, therefore, no "debt" existed for the purposes of 11 U.S.C. § 523. Malysiak opposes the motion.

**III.　JURSIDICTION**

This court has jurisdiction. 28 U.S.C. §§ 1334(a)-(b), 157(b); see also General Order No. 182 of the Eastern District of California. jurisdiction is core. 28 U.S.C. § 157(b)(2)(I). All parties have consented to the entry of final orders and judgments by this court. 28 U.S.C. § 157(b)(3); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1945-46 (2015). Scheduling Order §2.0, ECF No. 30.

**IV.　LAW**

The existence of an enforceable debt is the sine qua non to an action to except debt from discharge, 11 U.S.C. § 523(a). 11 U.S.C. § 523(a) ("A discharge...does discharge an individual from any debt"); 11 U.S.C. § 101(5), (12); *In re Dobos*, 303 B.R. 31, 39 (9th Cir. BAP 2019). State law determines whether a "debt," 11 U.S.C. § 523(a), exists. *Northbay Wellness Group, Inc. v. Beyries*, 789 F.3d 956, 959 n. 3 (9th Cir. 2015). A judgment, enforceable under applicable state law, qualifies as a debt for the purposes of § 523(a)(2). *Dobos*, 303 B.R. at 39. In the same manner, a judgment is no longer enforceable under applicable state law will not support an action under § 523. *Id.*

Where a judgment originates outside of California, it cannot be enforced in California unless and until it is domesticated in California. *Epps v. Russell*, 62 Cal.app.3d 201 (1976). Domestication occurs either by filing an action in a California state court to establish the sister state judgment in California, *Conseco Marketing, LLC v. IFA & Ins. Services, Inc.*, 221 Cal.App.4th 831, 838 (2013), or by registering it in a California state court under the Sister State Money-Judgments Act, Cal. Code of Civ. Proc. § 1710.10 et seq.

California's decision to recognize, or to refuse to recognize, a sister state judgment implicates both the full faith and credit clause of the United States Constitution, *Liquidator of Integrity Ins. Co. v. Hendrix*, 54 Cal. App.4th 971, 975 (1997), and the construction of California's statutes regulating the enforcement of debts. See e.g., Cal. Code of Civ. Proc. §§ 683.020 (period of enforceability of debts); 1710.10 et seq. (the Sister State Money-Judgments Act). Full faith and credit issues are those that implicate "the existence of a duty" from the debtor to the creditor. Issues as to the "the availability of a remedy in another state" do not implicate the full faith and credit clause and are merely questions of organic state law. *Weir v. Corbett*, 229 Cal.App.2d 290, 293 (1964), citing *M'Elmoyle v. Cohen*, 38 U.S. 312, 325 (1839). In some instances, distinguishing rights from remedies is inscrutable. Mercifully, one court has made that distinction clear: where the sister state judgment "will not have any greater effect, as an adjudication of the rights and duties of the parties," it does not impact the existence of a duty and the full faith and credit clause is not implicated. *Weir*, 229 Cal.App.2d at 293-294; *Kahn v. Berman*, 198 Cal.App.3d 1499, 1506 (1988) ("Article IV, section 1, of the Constitution...[leaves] the manner in which [the

judgment may be enforced to the law of the State in which they are sued on, pleaded, or offered in evidence").

**V.    DISCUSSION**

The nub of Schmidt's argument is that the Idaho judgment, now domesticated to California, had to be renewed no later than 10-years after its entry in Idaho in 2009, rather than the date of its domestication to California. Mot. for Recons. 6:9-14, 7:6-11, ECF No. 100; Cal. Code of Civ. Proc. § 683.020 ("[u]pon the expiration of 10 years after the date of entry" the judgment becomes unenforceable).[1] This court believes that the 2010 date of domestication to California defines both the period of enforcement in California and the deadline for Malysiak to seek renewal.

**A.    Full Faith and Credit**

Long ago, the United States Supreme Court held that the applicable statute of limitations reaches only the question of remedy, not duty, and, therefore, is governed by the law of the forum state in which domestication is sought.

> Such being the faith, credit, and effect, to be given to a judgment of one state in another, by the Constitution and the act of Congress, the point under consideration will be determined by settling what is the nature of a plea of the statute of limitations. Is it a plea that settles the right of a party on a contract or judgment, or one that bars the remedy? Whatever diversity of opinion there may be among jurists upon this point, we think it well settled to be a plea to the remedy; and consequently[,] that the lex fori must prevail.

*McElmoyle, for Use of Bailey v. Cohen*, 38 U.S. 312, 327 (1839).

Consistent with *McElmoyle*, California courts have applied the

---

[1] The Idaho judgment was enforceable both in Idaho and in California when domesticated to California in 2010. Compare, Idaho Code Ann. § 10-1111 (1995) (5-year enforceability at the time judgment was entered), with Cal. Code of Civ. Proc. § 683.020 (10-year period of enforceability); Cal. Civ. Proc. Code § 337.5 (actions to domesticate sister state judgments).

"California statute of limitations to an action on a sister-state judgment, whether the local time limit be shorter, *Biewend v. Biewend*, 17 Cal.2d 108, 114[,] or longer (*Stewart v. Spaulding*, 72 Cal. 264) than the period of limitations of the sister-state." *Weir*, 229 Cal.App.2d at 294; *American Bank of Commerce v. Corondoni*, 169 Ca.app.3d 368 (1985). Because the period of enforcement of the Idaho judgment domesticated to California pertains only to the availability of Malysiak's remedy--or lack thereof, it does not implicate the full faith and credit cause, Article IV, section 1, of the United States Constitution. That said, the question of the existence of a debt for the purposes of this adversary proceeding is resolved solely by resort to California law.

**B.  Judgment Creditor's Rights and Remedies After Expiration of the Idaho Judgment**

As a rule, a California judgment may be enforced or renewed for 10-years from entry or last renewal.

> Except as otherwise provided by statute, upon the expiration of 10 years after the date of entry of a money judgment or a judgment for possession or sale of property:
>
> (a) The judgment may not be enforced.
>
> (b) All enforcement procedures pursuant to the judgment or to a writ or order issued pursuant to the judgment shall cease.
>
> (c) Any lien created by an enforcement procedure pursuant to the judgment is extinguished.

Cal. Code of Civ. Proc. § 683.020.

A judgment may be renewed. Cal. Code of Civ. Proc. § 683.110 ("The period of enforceability of a money judgment or a judgment for possession or sale of property may be extended by renewal of the judgment as provided in this article").

The method for renewing such a judgment is by application.

> (a) The judgment creditor may renew a judgment by filing an application for renewal of the judgment with the court in which the judgment was entered.
>
> (b) Except as otherwise provided in this article, the filing of the application renews the judgment in the amount determined under Section 683.150 and extends the period of enforceability of the judgment as renewed for a period of 10 years from the date the application is filed.

Cal. Code of Civ. Proc. § 683.120.

The application must be filed prior to the end of the period of enforceability:

> *In the case of a lump-sum money judgment* or a judgment for possession or sale of property, *the application for renewal of the judgment may be filed at any time before the expiration of the 10-year period of enforceability provided by Section 683.020* or, if the judgment is a renewed judgment, at any time before the expiration of the 10-year period of enforceability of the renewed judgment provided by Section 683.120.

Cal. Code of Civ. Proc. 683.130(a) (emphasis added).

Though no known published case has addressed the question of renewal, the weight of the authority suggests that the period of enforceability and, by extension, renewal of a sister state judgment runs from the date of domestication, not the date of the original judgment.[2]

---

[2] Schmidt's reliance on California Code of Civil Procedure § 1721 and *Manco Contracting Co. v. Bezdikian*, 45 Cal.4th 192, 204-210 (2008), is not persuasive. First, § 1721 and *Manco* fall within the Uniform Foreign-Country Money Judgments Recognition Act, Cal. Code of Civ. Proc. §§ 1713 et seq. That act and those decisions are inapplicable to judgments rendered by a court in another state. Cal. Code of Civ. Proc. §§ 1714-1715. Rather, this case falls under the Sister State Money Judgments. Cal. Code of Civ. Proc. § 1710.10. Though the statutes do have points of commonality, they are not identical. Second, *Manco* is not a renewal of judgment case but a recognition of judgment case. *Manco*, 45 Cal.4th at 204-210. Moreover, *Manco* does not rule on the question of whether the 10-year period for enforcement, and renewal, runs from the date of domestication, or the date the original judgment was entered in another state. Third, and finally, to the extent that Manco touches on the subject of renewal of the judgment, it suggests that the domesticated judgment may be renewed in the usual manner and

Actions to domesticate a judgment are subject to a 10-year statute of limitations. Cal. Code of Civ. Proc. § 337.5(b) ("Within 10 years... An action upon a judgment or decree of any court of the United States or of any state within the United States"); *Epps v. Russell*, 62 Cal.App.3d 201, 204 (1976) (former Cal. Code of Civ. Proc. §§ 681, 685); *Stewart v. Spaulding*, 72 Cal. 264, 266 (1887) (Cal. Code of Civ. Proc. § 361); *Biewend v. Biewwend*, 17 Cal.2d 108, 115-116 (1941) ("[A]n action brought upon a judgment of a sister state is subject to the limitations prescribed by the law of the state where the action is brought").

Here, Malysiak properly domesticated the Idaho judgment to California about one year after its entry and, thus the domestication was timely. Cal. Code Civ. Proc. § 337(b).

Once domesticated, sister state judgments are to be treated in a like manner as other California judgments.

> Except as otherwise provided in this chapter, a judgment entered pursuant to this chapter shall have the same effect as an original money judgment of the court and may be enforced or satisfied in like manner.

Cal. Code of Civ. Proc. § 1710.35.

The Law Revision Commission has made this point even more clearly.

> [Section 1710.35] provides that *a judgment entered pursuant to this chapter is to be treated as a judgment of the superior court for purposes of enforcement*. Hence, for example, the provisions of this code regarding judgment liens [citation], execution [citations], and supplemental proceedings [citations] apply to the judgment.... A judgment entered pursuant to this chapter may be enforced after 10 years as provided by [former] Section 685 [now § 683.110 et seq.]."

Law Rev. Commission Comments to Cal. Code of Civ. Proc. 1710.35

---

timeframe. "The period of enforceability of a domestic judgment is also 10 years (§ 683.020), although this period may be extended by renewal of the judgment (see § 683.110 et seq.)." *Manco*, 45 Cal.4th at 207.

8

1　(emphasis added).

2　　Case law bears out this treatment. *Aspen Int'l. Capital Corp. v. Marsch,* 235 Cal.App.3d 1199 (1991); *Washoe Development Co. v. Guaranty Federal Bank*, 47 Cal.App.4th 1518, 1522 (1996); *Blizzard Energy, Inc. v. Schaefers*, 71 Cal.App.5th 832 (2021).

　　Moreover, one particular case suggests that neither the failure to renew the Idaho judgment, nor to renew the domesticated judgment within 10-years of entry of that judgment, bars a creditor from renewing the domesticated judgment within 10-years of its registration in California. *Weir v. Corbett*, 229 CA.App.2d 290, 291 (1964). There, on October 19, 1956, the creditor obtained a judgment against the debtor. Under Washington state law, that judgment could be enforced for six years from entry, i.e., October 19, 1962. The creditors then filed an action on the judgment in California to domesticate it and moved for summary judgment, which the court granted. On October 16, 1962, the court entered judgment for the creditor "for the amount of the Washington judgment plus accrued interest...". The debtor appealed. "Defendants' appeal raises a single issue of whether the Washington statute which places a six-year limitation upon the effect of a judgment should operate to extinguish the California judgment when six years have elapsed from the date the Washington judgment was entered." The Court of Appeals affirmed. The court stated:

> Contrary to defendants' contention, the Washington statute does not limit the relief which the California court may give. The effect of the Washington judgment was to determine that defendants must pay plaintiff a specified amount of money. This duty, as adjudged in Washington, existed on October 16, 1962. On that day the California court gave effect to the Washington judgment as proof of the existence of such a duty...*But the fact that California gives a more effective remedy, or makes its remedy*

9

> *available for a longer period of time, is not a matter of which the judgment debtors may rightfully complain.* California has given full faith and credit to the Washington judgment by accepting it as proof of the existence of a duty. The means of enforcing that duty in California is a matter governed by the law of the forum.

p. 293.

The court concluded:

> *Defendants' theory...goes only to show that after October 19, 1962, no further relief was available in the State of Washington.* This does not overcome the fact that on October 16 the judgment was in full force and effect as proof of the existence of defendants' duty to pay the debt. While the duty existed, and while the Washington judgment existed as proof thereof, plaintiff sought and obtained a California remedy for the enforcement of that debt. *Nothing in the law of California, or in the United States Constitution, requires that the expiration of plaintiff's Washington remedies after that time should nullify the effect of the California judgment.*

p. 29-296 (emphasis added).

This court finds that the deadline for renewal specified in the California Code of Civil Procedure § 683.130 runs from domestication of the judgment in California, not from the date the judgment was entered in its court of origin.

**VI.     CONCLUSION**

For each of these reasons, Gregory Schmidt's motion for reconsideration is denied. The court will issue an order from chambers.

Dated: January 24, 2023

_____
Fredrick E. Clement
United States Bankruptcy Judge

10

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Attorney for the Plaintiff**(s) | **Attorney for the Defendant**(s) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |